**Tony Karlo AGHAHOWA, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

**No. 07–2647.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 1, 2008.

Filed: April 8, 2008.

---

Tony Karlo Aghahowa, Leesport, PA, pro se.

Richard M. Evans, Virginia M. Lum, Brooke M. Maurer, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCIRICA, Chief Judge, HARDIMAN and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Tony Karlo Aghahowa petitions for review of a decision of the Board of Immigration Appeals, which found him removable and denied his applications for relief. We will deny the petition.

### I.

Tony Karlo Aghahowa is a native and citizen of Nigeria. He entered the United States in 1991 and became a conditional lawful permanent resident on December 31, 1998 based on his marriage to a U.S. citizen. Aghahowa was served with a Notice to Appear in 2006, charging him with being removable because his conditional permanent residency had been terminated, and because he had committed two or more crimes involving moral turpitude. In removal proceedings before an Immigra-

tion Judge (IJ), Aghahowa testified that he had filed an application to remove the conditions of his residency in October 2000, but did not know what had happened with the application. He stated that he had difficulties in contacting anyone to check on the application. According to the Notice to Appear, his conditional status was terminated on December 31, 2000. A.R. 511.

The Notice to Appear listed three convictions, each on December 5, 2005, for Unlawful Taking and Theft by Receiving Stolen Goods.[1] Aghahowa claimed that the three convictions had been dismissed,[2] but based on records of conviction submitted by the Government, an IJ found otherwise. A.R. 129–36; A.R. 474–93. The IJ found that Aghahowa was removable as charged and suggested that he file an asylum application, since he had indicated a fear of returning to Nigeria. A.R. 135.

Aghahowa filed an asylum application and a hearing was held. Aghahowa testified about his difficulties in Nigeria as a journalist in 1987 and 1990. He testified that he was detained by the police for about a week in July 1987 during which time he was beaten, handcuffed to the bars of his jail cell, and gassed regularly. He also testified that he and other journalists were not fed. He testified that he was arrested about four times in December 1990 for writing about corruption. He was detained on each occasion for about four hours, and again was beaten, cuffed and gassed.

The IJ found that Aghahowa's application for asylum was untimely, but stated that even if it were timely, he would have denied the application. The IJ questioned whether Aghahowa's experiences in Nigeria constituted persecution, but found that even if they were, Aghahowa would not be eligible for asylum because there had been a fundamental change in country conditions, and because Aghahowa testified that there was no reason he could not live in Lagos. A.R. 77–79. Because he failed to meet the burden for asylum, the IJ found that he failed to meet the higher burden for withholding of removal. A.R. 80. The IJ noted that the treatment Aghahowa received was many years ago, and that coupled with the country changes and the fact that he could live in other parts of Nigeria, would undercut his claim for relief under the Convention Against Torture. A.R. 81.

The Board of Immigration Appeals (BIA or Board) dismissed the appeal. The Board, citing the State Department's 2006 Nigeria Profile, agreed with the IJ that there had been "a marked improvement in human rights [in Nigeria] and that the press enjoys greater freedom than under previous governments." A.R. 3. The Board further noted that it had been 15 years since Aghahowa had been targeted in Nigeria, and that there was no evidence that the current government would have any interest in harming him. *Id.* Agha-

---

1. The Notice to Appear references criminal case numbers MC 0506–0479, MC 0506–0480, and MC 0506–1909.

2. In support of his allegation that the three cases had been dismissed, Aghahowa presented three documents: (1) a letter dated June 20, 2006, from one of his defense attorneys, regarding criminal number M.C. # 0507–2879, stating in part that "All the felony charges have been changed to misdemeanor charges"; A.R. 501; (2) a letter dated September 5, 2006 from another of his defense attorneys, captioned with the same number, stating that his "case was discharged" and that he should not still be in prison if that was "the only case holding you"; A.R. 499; and (3) copy of a notice referencing numbers MC0506–1909, MC0506–0479, and MC0506–0480, informing him that he was to report to probation upon his release; A.R. 24.

howa then filed a petition for review of the Board's decision.[3]

## II.

We have jurisdiction to review final orders of removal under section 242(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(1), as amended by the REAL ID Act of 2005. When the Board issues a decision on the merits, we generally review only the Board's order. *See Li v. U.S. Attorney General,* 400 F.3d 157, 162 (3d Cir.2005); *Abdulai v. Ashcroft,* 239 F.3d 542, 548–49 (3d Cir.2001). Where the Board adopts the reasoning of the IJ with some discussion of the bases for the IJ's decision, we also review the order of the IJ. *Chen v. Ashcroft,* 376 F.3d 215, 222 (3d Cir.2004). We use a substantial evidence standard to review factual findings; *Tarrawally v. Ashcroft,* 338 F.3d 180, 184 (3d Cir.2003), as well as findings of an applicant's past persecution or "well-founded fear of future persecution," *Gao v. Ashcroft,* 299 F.3d 266, 272 (3d Cir.2002). Under the substantial evidence standard, findings are upheld "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zheng v. Gonzales,* 417 F.3d 379, 381 (3d Cir.2005).

▮ Aghahowa's claim that his convictions have been dismissed is a factual question. The record contains certified copies of Aghahowa's conviction for each of the three crimes listed on the Notice to Appear. A.R. 474–93. The evidence that Aghahowa presented; *i.e.,* a letter from an attorney stating that a conviction with a different case number had been "discharged"; a letter from an attorney stating that certain felony charges had been changed to misdemeanor charges; and a notice requiring him to report to probation; is not evidence that would compel an adjudicator to conclude that his convictions had been dismissed.

▮ We agree with the Government that it is not clear whether Aghahowa is challenging the holding that he is ineligible for withholding of removal and protection under the Convention Against Torture (CAT).[4] To the extent he raises such challenges,[5] we find that substantial evidence in the record supports the BIA's holding that changed country conditions rebutted the presumption of future persecution. We also uphold the finding that the record did not support a conclusion that Aghahowa would likely to be tortured upon his return to Nigeria.[6]

For the foregoing reasons, we will deny the petition for review.

---

3. Aghahowa later filed a supplement to his petition, which raised, *inter alia,* a challenge to his continued detention. By order of the Court on July 17, 2007, the petition was transferred, to the extent it raised claims concerning detention, to the District Court of Aghahowa's confinement.

4. Aghahowa did not challenge the IJ's finding that his asylum claim was untimely in his appeal to the Board. The decision denying asylum is thus not before us.

5. Although his opening brief does not mention withholding of removal and only cites the law regarding the CAT, Aghahowa's reply brief does seem to indicate that he is challenging the denial of his relief applications.

6. To the extent Aghahowa raises due process claims, those claims are unexhausted as he failed to raise them on appeal to the Board. *Abdulrahman v. Ashcroft,* 330 F.3d 587, 594–95 (3d Cir.2003). In any event, we note that Aghahowa was given ample opportunity to obtain counsel and to present evidence regarding his convictions.